**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:07-CR-0176** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **WADE RANDALL PINE** | : | |

## <u>ORDER</u>

AND NOW, this 2nd day of November, 2010, upon consideration of the

motion (Doc. 59) to amend petitioner's § 2255 motion to vacate, set aside or correct

the sentence imposed by this court on March 13, 2008, filed by Wade Randall Pine

("Pine"), and it appearing that the motion to amend was filed outside the

prescribed limitations period, <u>see</u> 28 U.S.C. § 2255 ("A 1-year period of limitation

shall apply to a motion under this section."), and it further appearing that Pine's

original § 2255 motion (Doc. 55) to vacate, set aside or correct the sentence imposed

by this court was filed within the prescribed limitations period,[1] the court finding

that in order to amend a § 2255 habeas petition outside the statutory limitation

period the claims in the amended § 2255 petition must relate back to the common

core of operative facts in the timely § 2255 motion, <u>see</u> <u>Hodge v. United States</u>, 554

F.3d 372, 378 (3d Cir. 2009) (noting that an untimely, new claim "supported by facts

---

[1] The judgment of conviction in Pine's case became final on October 13, 2009, when the Supreme Court denied his petition for certiorari. <u>Pine v. United States</u>, No. 09-6259. Pine's original § 2255 motion was signed by Pine on August 5, 2010, and placed in the prison mailing system by Pine on October 1, 2010, placing it within the limitations period. (<u>See</u> Doc. 56-2 at 57). Pine signed the instant motion (Doc. 59) to amend his original § 2255 motion on October 18, 2010. (<u>See</u> Doc. 59 at 22). The motion to amend is therefore outside the one-year limitations period of 28 U.S.C. § 2255(f), which began to run on October 13, 2009.

that differ in both time and type from those the original pleading set forth" is

foreclosed (quoting Mayle v. Felix, 545 U.S. 644, 650 (2005))); United States v. Oliver,

379 F. Supp. 2d 754, 762-63 (E.D. Pa. 2005) (stating that "a § 2255 petitioner cannot

amend his petition outside the statute of limitations period to add new claims based

on facts that were readily available before the statute of limitations expired") (citing

United States v. Duffus, 174 F.3d 333, 338 (3d Cir. 1999)), and the court noting that

Pine's original § 2255 motion (Doc. 55) states claims for ineffective assistance of

counsel whereas Pine's motion (Doc. 59) to amend challenges the constitutionality

of 18 U.S.C. § 3231, alleging that the statute was never properly passed by a quorum

of the United States House of Representatives, the court concluding that the claim

in the motion to amend does not relate to the common core of facts in the

ineffective assistance of counsel claims and therefore cannot relate back to Pine's

timely § 2255 motion (Doc. 55),[2] it is hereby ORDERED that the motion (Doc. 59) to

---

[2] Pine argues in his motion to amend that the court should permit amendment in the name of judicial economy because, if the motion is denied, "the petitioner would obviously have grounds in which to raise the issues contained herein in a subsequent motion pursuant to 28 U.S.C. § 2255, at which point the instant issue would still have to be decided on the merits by this court." (Doc. 59 at 2). Pine is incorrect.

The Antiterrorism and Effective Death Penalty Act of 1996 bars federal prisoners from attacking their convictions through second or successive habeas corpus petitions, except in limited situations. Section 2255 states that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence, that if proven and viewed in the light of the evidence as a whole, would be sufficient to establish clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on

amend the petitioner's § 2255 motion to vacate or set aside the sentence imposed by

this court is DENIED.


                                                         <u> S/ Christopher C. Conner   </u>
                                                         CHRISTOPHER C. CONNER
                                                         United States District Judge

---

                     collateral review by the Supreme Court, that was previously
                     unavailable.
28 U.S.C. § 2255(h).  Pine's claim that the federal statute was never properly
enacted by a quorum of the United States House of Representatives does not
appear to satisfy either of the two limited exceptions for filing a successive § 2255
petition.